IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| BILLY BLACK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 115-179 |
| ) | |
| SHAWN SIKES, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brings the above-captioned case pursuant to 28 U.S.C. § 2254, and is proceeding *in forma pauperis* ("IFP"). The petition is currently before the Court on Respondent's motion to dismiss the petition as untimely. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** (doc. no. 9), this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

### I.     BACKGROUND

On December 4, 2007, a jury in Burke County convicted Petitioner of both child molestation and aggravated child molestation for sexually abusing his eleven year-old granddaughter. Black v. State, 700 S.E.2d 892, 894 (Ga. Ct. App. 2010); (Doc. no. 1, p. 1.) Petitioner was sentenced to twenty-five years imprisonment and five years of probation. Black v. State, 700 S.E.2d at 894. The Georgia Court of Appeals affirmed his convictions on September 10, 2010. Id. at 896. Petitioner did not file a notice of intent to seek a writ of

certiorari from the Georgia Supreme Court with the Georgia Court of Appeals, and thus, his convictions became final ten days later, September 20, 2010. (Doc. no. 1, p. 2.)

On January 5, 2011, Petitioner filed a petition for state habeas corpus relief in the Superior Court of Ware County.[1] (Doc. no. 10-1, p. 1.) The state habeas court denied the petition on December 16, 2014 after an evidentiary hearing. (Doc. no. 10-3, p. 1.) Petitioner filed an application for a Certificate of Probable Cause on January 13, 2015. (Doc. no. 10-4.) However, Petitioner failed to timely file a notice of appeal with the state habeas court during the thirty-day period required by Georgia law. (Doc. nos. 10-5, 10-6.) As a result, the Georgia Supreme Court dismissed his application for a certificate of probable cause on June 15, 2015. (Doc. no. 10-5.) Petitioner filed a motion for reconsideration requesting lenience due to his *pro se* status which was denied on July 27, 2015. (Doc. nos. 10-6, 10-7.) Petitioner filed the instant § 2254 petition on October 26, 2015 in which he alleges an illegal sentence, improper bolstering at trial, and failure by the state habeas court to examine all of his claims. (See generally doc. no. 1.)

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2244, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Petitioner dated his state habeas petition December 31, 2010 (doc. no. 10-1, p. 5), but Georgia does not follow the mailbox rule for *pro se* state habeas petitions. Rule. Roberts v. Cooper, 691 S.E.2d 875, 878 (Ga. 2010). Thus, his state habeas petition was filed on January 5, 2011 when the clerk received it.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As Petitioner has outlined no reason to suppose that §§ 2244(d)(1)(B), (C), or (D) apply, the instant case is governed by § 2244(d)(1)(A). Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner did not file a notice of intent to make application for a writ of certiorari with the Georgia Court of Appeals, his conviction became "final" when the ten-day period for filing this notice expired. Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006); Ga. Sup. Ct. R. 38(2). Thus, Petitioner's convictions became final on September 20, 2010.

The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Here, Petitioner's convictions became final on September 20, 2010, and he commenced state habeas proceedings on January 5, 2011, after 107 days had run on his one-year period of limitations. (Doc. no. 10-1.) The state habeas court denied relief on December 16, 2014, and the period of limitations began running again on January 15, 2015,

3

the date on which the thirty-day period for a filing an application for a certificate of probable cause with the Georgia Supreme Court expired. O.C.G.A. § 9-14-52(b). Although Petitioner filed a timely application for a certificate of probable cause, the application was not "properly filed" because he filed an untimely notice of appeal and thus, the filing did not toll the one-year time period. See Wade v. Battle, 379 F.3d 1254, 1262 (11th Cir. 2004) (finding period of limitations began to run after thirty-day period and filing application after that period did not toll AEDPA clock); Spottsville v. Terry, 476 F.3d 1241, 1244 (11th Cir. 2007)(stating notice of appeal and application for certificate of probable cause are both necessary to invoke jurisdiction of Georgia Supreme Court).

Petitioner filed his federal § 2254 petition on October 26, 2015, 284 days after his state habeas petition stopped tolling his one-year period of limitations. When combined with the time period between the completion of his appeal and the filing of his state habeas petition, Petitioner let 391 days pass on his one-year period before filing the current petition. Thus, Petitioner filed the § 2254 petition more than one year after the limitations period began to run, and it is, therefore, untimely.

Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v.

4

Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Damren v. Florida, 776 F.3d 816, 822 (11th Cir. 2015).

Here, Petitioner has made no argument for equitable tolling, only an argument that his improperly filed application for a certificate of probable cause should have statutorily tolled the limitations period. (Doc. no. 17, pp. 3-4.) As discussed above, the application was not properly filed under the Supreme Court of Georgia Rules, and thus, did not toll the limitations period under the statute. Further, the state habeas court clearly explained to Petitioner that both a notice of appeal and an application for a certificate of probable cause were required to be filed within thirty days. (Doc. no. 10-3, p. 4.) Thus, any argument that he missed the deadline to file a notice of appeal due to his *pro se* status is without merit. (See doc. no. 10-6.) Petitioner has advanced no other reasons for equitable tolling, and the Court concludes there is no basis for equitably tolling AEDPA's one-year statute of limitations.

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new

5

reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a <u>severely confined</u> category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not presented any new evidence to suggest that he did not commit the offenss with which he was charged such that no reasonable juror would have convicted him. Accordingly, the actual innocence exception does not save the instant petition from being time-barred under AEDPA.

In sum, Petitioner's § 2254 petition is time-barred by AEDPA's one-year statute of limitations because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) there is no statutory basis for extending the one-year deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments sufficient to support a claim of actual innocence.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** (doc. no. 9), this petition be **DISMISSED** as

6

untimely, and a final judgment be **ENTERED** in favor of Respondent..

SO REPORTED and RECOMMENDED this 20th day of May, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA