IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BILLY BLACK, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CV 115-179 |
| SHAWN SIKES, Warden, | ) ) | |
| Respondent. | ) ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 23). Petitioner argues that his application for a certificate of probable cause was properly filed and tolled the statute of limitations because the Superior Court of Long County actually received and filed his notice of appeal within the requisite thirty-day period. (Id.) Petitioner has presented no evidence to support this conclusory assertion, and regardless, this Court is bound by the Supreme Court of Georgia's determination that his notice of appeal was not timely filed. Spottsville v. Terry, 476 F.3d 1241, 1245 (11th Cir. 2007). Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **GRANTS** Respondent's motion to dismiss (doc. no. 9), and **DISMISSES** as untimely the instant petition brought pursuant to 28 U.S.C. § 2254.

A prisoner seeking relief under 28 U.S.C. § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 7th day of July, 2016, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

2